IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| KEITH LAVELLE GALLMAN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:03-CV-0399 |
| | § | |
| DOUGLAS DRETKE, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Institutional Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION TO DENY PETITION
## FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

Before the Court is a Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner KEITH LAVELLE GALLMAN. By his habeas application, petitioner challenges a July 14, 2003 prison disciplinary proceeding wherein petitioner was found guilty of the disciplinary offense of threatening to inflict harm on an officer, a Level 1, Code 4.0 violation. Petitioner was punished with the forfeiture of two (2) days[1] of previously accrued good time credits.[2] For the reasons hereinafter set forth, it is the opinion of the undersigned United States Magistrate Judge that petitioner's petition for a writ of habeas corpus should be DENIED.

---

[1] Petitioner asserts in his habeas application he lost three (3) days of good time credits however, disciplinary records documents submitted by respondent show the loss to be two (2) days.

[2] Other punishment with which petitioner was assessed constituted changes in the conditions of petitioner's confinement and does not implicate the Due Process Clause of the United States Constitution. *See Sandin v. Conner*, 515 U.S. 472, 478, 115 S.Ct. 2293, 2297 (1995); *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997).

I.
PROCEDURAL HISTORY
===================

Respondent DOUGLAS DRETKE has lawful and valid custody of petitioner pursuant to a judgment and sentence out of the 2nd Judicial District Court of Dallas County, Texas, in Cause No. F84-773-98, for the offense of aggravated robbery with a deadly weapon. Petitioner was found guilty of the offense by a jury and on March 8, 1985, was sentenced to forty (40) years imprisonment in the Texas Department of Criminal Justice - Correctional Institutions Division. Respondent also has lawful and valid custody of petitioner pursuant to a judgment and sentence out of the 3rd Judicial District Court of Anderson County, Texas, in Cause No. 23,119 in which petitioner pleaded guilty to the offense of possession of a deadly weapon in a penal institution. Petitioner received a ten (10) year sentence for this conviction on April 4, 1994.

Petitioner was found guilty, in Disciplinary Case No. 20030309593, with the offense of threatening to inflict harm on an officer, a Level 1, Code 4.0 violation, and on July 14, 2003, he was assessed a punishment which included forfeiture of (two) 2 days of good time credits.

Petitioner filed a Step 1 Offender Grievance Form which was denied on September 10, 2003. Petitioner then filed a Step 2 Offender Grievance Form and such was denied on September 30, 2003. Petitioner filed the instant federal habeas petition on November 12, 2003.[3]

II.
GROUNDS
=======

Petitioner presents the following grounds:

---

[3] *See Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (a prisoner's *pro se* federal habeas petition is deemed filed when the inmate delivers the papers to prison authorities for mailing).

    A.    Officer Sydney Smith falsified the disciplinary case against petitioner;

    B.    There was a discrepancy between the written incident report and the officer's testimony at the hearing;

    C.    Petitioner was improperly identified; and

    D.    Petitioner's due process rights were violated because Captain Merida would not listen to petitioner's explanation that the incident occurred on 12-C pod while petitioner was housed on 12-D pod.

### III.
### MERITS

The undersigned finds the instant habeas application should be denied. Petitioner has not shown the challenged forfeiture of accumulated good conduct time was in violation of the United States Constitution. Accordingly, petitioner is not entitled to federal habeas corpus relief.

In order to prevail in a federal habeas corpus proceeding, petitioner must show his due process rights were violated during the state prison disciplinary process. The United States Supreme Court has set out the due process to which a prisoner is entitled during a disciplinary proceeding. In *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), the Court held that while disciplinary proceedings are not part of the criminal prosecution process and, therefore, the full panoply of rights does not apply, there are certain minimal due process provisions required to be satisfied. Those are: (1) advance written notice of the charges; (2) an opportunity to call witnesses and/or present documentary evidence when such presentation is not unduly hazardous to institutional safety or correctional goals; and (3) a written statement by the fact finder of the evidence relied upon and the reasons for the disciplinary action.

Petitioner does not specifically allege he was denied any procedural due process protections established by *Wolff*. Further, review of the disciplinary proceeding records reveals

petitioner was afforded the full panoply of constitutional procedural due process requirements under *Wolff*. Consequently, petitioner is not entitled to federal habeas corpus relief for any constitutional procedural deficiencies.

It is the law of the Fifth Circuit that the findings of a prison disciplinary hearing shall not be disturbed unless they are arbitrary and capricious. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995). Federal courts do not review the sufficiency of the evidence since a finding of guilt requires only the support of <u>some</u> facts, or any evidence at all. *Gibbs v. King*, 779 F.2d 1040, 1044 (5th Cir. 1986). Consequently, in order to prevail in a challenge to a disciplinary proceeding by way of federal habeas corpus, a petitioner must establish that there was <u>no</u> evidence to support the disciplinary adjudication.

Petitioner cannot meet this burden as there clearly was <u>some</u> evidence, as demonstrated by the offense report, the charging officer's testimony, and the testimony of a witness. To the extent petitioner complains, the offense report against him was falsified, complains about discrepancies between the charging officer's testimony and the offense report, complains about improper identification, and complains his due process rights were violated because TDCJ personnel, Captain Merida, wouldn't listen to his explanation, such claims are merely challenges to the sufficiency and credibility of the evidence and are outside the scope of habeas review.

Finally, petitioner lost two (2) days of good time credits. As argued by respondent, it does not appear such loss will significantly shorten his sentence *i.e.* the loss should be considered "*de minimis*." In *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000), the Fifth Circuit specifically stated, "It is possible that a de minimis delay of a few days would not give rise to a constitutionally cognizable claim." The court further noted that an inmate does not

have a constitutional expectancy of release on a particular date, and that a delay could sometimes be inconsequential. *Id*. It would appear two (2) days of lost good time credits would fit squarely within this logic, especially in light of the fact that other factors having nothing to do with a disciplinary charge, can affect mandatory supervision release.

Based upon the foregoing, it is the opinion of the undersigned United States Magistrate Judge that petitioner's habeas corpus application challenging alleged due process violations in a prison disciplinary case should be DENIED.

## IV.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner KEITH LAVELLE GALLMAN be DENIED.

## V.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to petitioner by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 6th day of October 2005.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation. Service is complete upon mailing, Fed. R. Civ. P. 5(b), and the

parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e).  Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed**.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).